René P. Tatro (SBN 078383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
1800 N. Vine Street, Suite 234
Los Angeles, CA 90028
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
E-mail: rtatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Attorneys for Defendant
CVS Pharmacy, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HELEN WITTMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CVS PHARMACY, INC.;

Defendant.

Case No. 5:26-cv-02827-SSS (DTBx)

**CVS PHARMACY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Honorable Sunshine S. Sykes

Date: October 16, 2026
Time: 2:00 p.m.
Dept: Riverside Ctrm. 2, 2nd Floor
(Via Zoom)

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2026, at 2:00 p.m., or as soon thereafter as this motion may be heard, in Courtroom 2, located at 3470 Twelfth Street, Riverside, CA, 92501, defendant CVS Pharmacy, Inc. ("CVS") will, and hereby respectfully does, move this Court for an order dismissing with prejudice the Complaint (Dkt. 1) filed by plaintiff Helen Wittman ("Wittman") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Article III of the U.S. Constitution.

PLEASE TAKE FURTHER NOTICE that the Honorable Sunshine S. Sykes's rules provide that, by default, all hearings—with some exceptions not applicable here—shall proceed remotely by video appearance on Zoom, unless a request is made by the parties at least one week before the hearing to appear in-person and is granted by the Court.

CVS makes this motion on the grounds that:

1. No reasonable consumer would share in Wittman's alleged interpretation of the labels of the dietary supplements at issue here, CVS's Calcium 1200 mg + D3 (a mineral + vitamin supplement) ("Calcium" or "Product") and CVS's Glucosamine HCl 1500 mg Chondroitin Sulfate 1200 mg (a complex carbohydrate supplement) ("Glucosamine") (collectively, the "Products"), justifying dismissal of Wittman's Complaint, including her claims under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"), and Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA");

2. Wittman purports to bring claims under the UCLs unlawful prong premised on various other California statutes, but she fails to identify the elements of these purported predicate violations, let alone satisfy them;

3. Wittman attempts to bring claims about Glucosamine, which she did not purchase, alleging it is "similar" to the Calcium she alleges she purchased, but Wittman lacks Article III standing to pursue any claims relating to Glucoasmine because she does not have any cognizable injury traceable to the product;

4. Wittman's claims for breach of express and implied warranty fail because there are no unequivocal statements or promises on the Product's labels that the dosage is one softgel or one capsule;

5. Wittman's common law fraud claims (for negligent and intentional misrepresentation) also fail for the same reason;

6. Wittman's claim for unjust enrichment fails because Wittman cannot state a claim for violation of the consumer protection statutes and does not point to any reason why it would be "unjust" for CVS to retain proceeds from the sale of the Products; and

7. Wittman seeks the remedy of injunctive relief, but she lacks Article III standing to do so because it is not plausible that she will experience any future harm as she clearly and absolutely knows to read the package to understand the dosing instructions.

CVS bases this motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the [Proposed] Order submitted herewith, as well as the accompanying Request for Judicial Notice and supporting declaration and exhibits, all pleadings and records on file herein, those matters of which the Court may properly take judicial notice, and such argument and other evidence that may be presented prior to and which the Court may consider at the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 28, 2026, and via numerous emails between counsel, as set forth in the Declaration of Juliet A. Markowitz filed herewith.

Dated: August 31, 2026

TATRO TEKOSKY SADWICK LLP

By: */s/ René P. Tatro*
René P. Tatro, Esq.
Attorneys for Defendant CVS Pharmacy, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2026, I electronically filed

**CVS PHARMACY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lilach H. Klein
Zachary M. Crosner
**Crosner Legal, P.C.**
9440 Santa Monica Blvd., Ste 301
Beverly Hills, CA 90210
lilach@crosnerlegal.com
zach@crosnerlegal.com

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
ltfisher@bursor.com

/s/ *Karen L. Roberts*
Karen L. Roberts