René P. Tatro (SBN 078383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
1800 N. Vine Street, Suite 234
Los Angeles, CA 90028
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
E-mail: rtatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Attorneys for Defendant
CVS Pharmacy, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HELEN WITTMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CVS PHARMACY, INC.;

Defendant.

Case No. 5:26-cv-02827-SSS (DTBx)

**CVS PHARMACY, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Honorable Sunshine S. Sykes

Date: October 16, 2026
Time: 2:00 p.m.
Dept: Riverside Ctrm. 2, 2nd Floor
(Via Zoom)

## INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence and the doctrine of incorporation by reference, defendant CVS Pharmacy, Inc. ("CVS") requests that the Court take judicial notice of and/or incorporate by reference Exhibit A to the Declaration of René P. Tatro filed herewith ("Tatro Declaration") in addressing CVS's motion to dismiss the Complaint of plaintiff Helen Wittman ("Wittman"). Exhibit A consists of images of CVS's Glucosamine HCl 1500 mg Chondroitin Sulfate 1200 mg, one of the products at issue in this action. CVS does not request that the Court take judicial notice of and/or incorporate by reference Exhibit A for the truth of anything asserted on the label.

## STATEMENT OF FACTS

This action concerns CVS's Calcium 1200 mg + D3 (a mineral + vitamin supplement) ("Calcium"), which Wittman alleges she purchased, and CVS's Glucosamine HCl 1500 mg Chondroitin Sulfate 1200 mg ("Glucosamine"), which Wittman does not allege she purchased (collectively, the "Products"). All of Wittman's claims are premised on her allegations that (1) she read two individual statements on the Calcium label—"Calcium 1200 mg" and "120 Softgels"—and interpreted them to mean that the proper dosage was a single softgel, and (2) reasonable consumers read the statement "Glucosamine HCl 1500 mg Chondroitin Sulfate 1200 mg," and the separate statement "120 Capsules," on the Glucosamine label and interpreted them to mean the proper dosage is a single capsule. The Products, including their labels, are referenced repeatedly throughout the Complaint. (*See* Dkt. 1, Complaint).

Wittman includes in her Complaint images of the front and sides of the bottles of each Product. (Dkt. 1, Complaint at p.4). The images of the Glucosamine product in the Complaint, however—which, again, Wittman does not allege she purchased—do not depict the current Glucosamine bottle. Attached as Exhibit A to Tatro Declaration is an image of the current Glucosamine bottle and its label as it appears on CVS's website at https://www.cvs.com/shop/cvs-glucosamine-chondroitin-capsules-120-ct-prodid-1170193.

## LEGAL AUTHORITY

Federal Rule of Evidence 201 provides that a court may take judicial notice of any facts "that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." In reviewing a motion to dismiss, a court may take judicial notice of facts not subject to reasonable dispute, such as matters in the public record. *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020); *United States v. 14.02 Acres of land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008); *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019).

"In the context of a motion to dismiss claims based upon allegedly misleading product labels, the Court may take judicial notice of the images depicting the product labels at issue, [citation], without having to convert the motion to dismiss into a motion for summary judgment." *Garza v. Spectrum Brands Pet LLC*, 760 F. Supp. 3d 1039, 1046 (E.D. Cal. 2024), appeal dismissed, 2025 WL 2083193 (9th Cir. May 6, 2025) (citation omitted). *See also id.* ("Because Plaintiff incorporated by reference the front label in her complaint, [citation], the Court will take judicial notice of the entire package imagery underlying the alleged product misrepresentation claims [citation; footnote].") (Citation; footnote omitted); *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1182 (S.D. Cal. 2021) ("[C]ourts addressing motions to dismiss product-labeling claims take judicial notice of images of the product packaging if they are referenced or the images are in the complaint."); *see also Gamez v. Summit Naturals Inc.*, 2022 WL 17886027, at **3 (C.D. Cal. Oct. 24, 2022); *Cantu v. General Mills, Inc.*, 2025 WL 942609, at *2 (C.D. Cal. Mar. 21, 2025).

Likewise, courts routinely find that publicly available webpages are subject to judicial notice. *See, e.g., Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) ("The Court finds these documents are properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute."); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (and cases cited therein) ("In general, websites and their contents may be judicially noticed."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking

judicial notice of webpage screenshot); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of documents obtained from the Internet); *Lindora, LLC v. Limitless Longevity LLC*, 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of party's "social media accounts" as "publicly accessible webpages"); *Lewis v. Host Int'l, Inc.*, 2022 WL 17885684, at *3 (C.D. Cal. Mar. 11, 2022) ("A court may take judicial notice of a wide range of matters, including . . . the contents of websites").

Additionally, under the incorporation by reference doctrine, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under this doctrine, courts may consider product packaging that is incorporated by reference into a pleading. *Breville USA, Inc. v. Hurom L.S. Co.*, 2014 WL 12600145, at *5 (C.D. Cal. Apr. 28, 2014).

Notably, where a document is incorporated by reference into a pleading, and even where the plaintiff relies only on portions of the document, the Court may "properly consider [the document] in its entirety." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). In this manner, the incorporation by reference doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims. Courts commonly incorporate documents that are "relied on" in a complaint.

Here, Exhibit A depicts the current Glucosamine label Product label as it appears on CVS's publicly available website at https://www.cvs.com/shop/cvs-glucosamine-chondroitin-capsules-120-ct-prodid-1170193. The images in Exhibit A were downloaded from CVS's website today. Because the Product, including its label, is referenced throughout the Complaint, Exhibit A thus is appropriate for judicial notice and/or incorporation by reference.

## CONCLUSION

CVS therefore respectfully requests that the Court take judicial notice of and/or

incorporate by reference Exhibit A to the accompanying Tatro Declaration in deciding CVS's motion to dismiss Wittman's Complaint.

Dated: August 31, 2026

TATRO TEKOSKY SADWICK LLP

By: /s/ *René P. Tatro*
René P. Tatro, Esq.
Attorneys for Defendant CVS Pharmacy, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2026, I electronically filed

**CVS PHARMACY, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lilach H. Klein
Zachary M. Crosner
**Crosner Legal, P.C.**
9440 Santa Monica Blvd., Ste 301
Beverly Hills, CA 90210
lilach@crosnerlegal.com
zach@crosnerlegal.com

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
ltfisher@bursor.com

/s/ *Karen L. Roberts*
Karen L. Roberts