René P. Tatro (SBN 078383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
1800 N. Vine Street, Suite 234
Los Angeles, CA 90028
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
E-mail: rtatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Attorneys for Defendant
CVS Pharmacy, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HELEN WITTMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CVS PHARMACY, INC.;

Defendant.

Case No. 5:26-cv-02827-SSS (DTBx)

**DECLARATION OF AMANDA L. ASERMELY IN SUPPORT OF CVS PHARMACY, INC.'S MOTION TO COMPEL ARBITRATION**

Honorable Sunshine S. Sykes

Date: October 16, 2026
Time: 2:00 p.m.
Dept: Riverside Ctrm. 2, 2nd Floor
(Via Zoom)

I, Amanda L. Asermely, declare as follows:

1. I am a Senior Paralegal, Litigation Management for CVS Pharmacy, Inc. ("CVS"), defendant in the above-captioned case brought by Helen Wittman ("Wittman"). I have been employed by CVS since 2019, and have been in my current role since 2024. I am over the age of eighteen and competent to testify to matters in this Declaration. I make this Declaration on the basis of my personal knowledge and my review of CVS's business records. To the extent this declaration is based upon my review of CVS Business Records, I understand those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular business practice to maintain such records. If called as a witness, I could competently testify to the matters stated herein.

**The CVS ExtraCare Loyalty Program**

1. CVS operates thousands of retail stores in the United States and sells a variety of products, both online and in-store.

2. Like many retailers, CVS has a voluntary rewards program for customers called ExtraCare®. Customers who join ExtraCare receive access to special promotions, discounts, and coupons on various products, including 2% back in "ExtraBucks Rewards® on certain purchases, sale prices, special offers on receipts and sent via email (and text, for consumers who opt-in), and more. In my position with CVS, I am knowledgeable about ExtraCare.

3. Customers can choose to join ExtraCare by signing up for an account. There is no charge to a customer to create an ExtraCare account, nor to receive the promotions, discounts, and coupons offered through the program. The coupons and other benefits offered to ExtraCare members are communicated to members on a regular basis through various methods.

4. By voluntarily enrolling in the CVS ExtraCare Program, customers agree to contractual terms and conditions ("Terms").

**Wittman Voluntarily Joined the CVS ExtraCare Loyalty Program**

5. I searched CVS's ExtraCare Business Records and ascertained that Wittman is a member of the ExtraCare loyalty program. Attached hereto as **Exhibit A** is a screenshot I captured from CVS's ExtraCare Business Records on June 11, 2026 of Wittman's ExtraCare account information (with her personal information redacted).

6. CVS's ExtraCare Business Records show that Wittman enrolled in ExtraCare on a tablet device inside a Target store.

7. As set forth on Exhibit A, Wittman enrolled on August 15, 2017, and her ExtraCare account is still active. As also set forth on Exhibit A, Wittman opted to enroll in SMS text messages, and provided an email address for purposes of contacting her.

8. Consistent with Wittman's Complaint in this action (Complaint ¶ 11), CVS's Business Records show that Wittman made a single purchase of CVS Calcium 1200 mg + D3 on March 2, 2026 using her ExtraCare account number. This was less than three months before she filed this action. CVS's Business Records also reflect purchases of other dietary supplements that Wittman has made using her ExtraCare account going back several years, in some instances using ExtraCare coupons.

**Wittman Received an Email on March 19, 2025 Informing Her of Updated ExtraCare Terms**

9. On March 19, 2025, CVS sent an email to all CVS ExtraCare members to notify them of important updates to the Terms. A copy of the body of the March 19, 2025 email (with the recipient information redacted) is attached hereto as **Exhibit B.**

10. CVS's Business Records show that the March 19, 2025 email was sent to Wittman at the email address she used to sign up for ExtraCare at 13:59:05 on March 19, 2025. There was no error recorded with transmission of the email to Wittman's email address, and the March 19, 2025 email to Wittman was not returned as undeliverable.

11. The subject line of the March 19, 2025 email was: "Updates to ExtraCare Terms and Conditions."

12. The body of the email informed ExtraCare members that the ExtraCare Terms and Conditions have been updated including, specifically, the Dispute Resolution terms.

13. The body of the email also informed ExtraCare members that "[b]y continuing to use and enjoy the benefits of your ExtraCare membership, you acknowledge that you have read and agreed to these updated terms and conditions."

14. That is, the body of the email included the following:



extracare®

**We've updated our ExtraCare® terms and conditions**

We're writing to inform you that our ExtraCare Terms & Conditions, including Dispute Resolution terms, have been updated. By continuing to use and enjoy the benefits of your ExtraCare membership, you acknowledge that you have read and agreed to these updated terms and conditions.

Thanks for being part of the ExtraCare family!

Review updated terms and conditions

15. As shown above and in Exhibit B, the March 19, 2025 email included two separate links by which customers can view the ExtraCare Terms. One is an underlined bolded link to "**ExtraCare Terms & Conditions**" written in a larger font than the rest of the surrounding text. The second is in a conspicuous red rectangular box in which is written, in white letters, Review updated terms and conditions.

16. Clicking on either link takes the customer to the updated ExtraCare Terms.

## The ExtraCare Terms and Conditions

17. Attached hereto as **Exhibit C** is a full copy of the ExtraCare Terms to which the March 19, 2025 email was linked and that were in effect on March 2, 2026 when Wittman made her purchase of CVS Calcium 1200 mg + D3.

18. The ExtraCare Terms included, in the first paragraph below the title, written conspicuously in all capital letters, an advisory to read the Terms carefully, and that they include an arbitration provision, a jury trial waiver, and a class action waiver, all of which affect the customer's rights. That is, the Terms provide as follows:

> **CVS Pharmacy® ExtraCare® Terms and Conditions**
>
> THESE TERMS CONTAIN AN ARBITRATION PROVISION, JURY TRIAL WAIVER, AND A CLASS ACTION WAIVER THAT AFFECT YOUR RIGHTS. IN ARBITRATION, THERE IS NO JUDGE OR JURY, AND THERE IS LESS DISCOVERY AND APPELLATE REVIEW THAN IN COURT. DETAILS ARE SET FORTH BELOW. PLEASE REVIEW CAREFULLY.

19. The Dispute Resolution section appeared in Section 11 of the Terms, and began with a bolded heading as follows:

> **DISPUTE RESOLUTION**
>
> **ARBITRATION AGREEMENT; JURY TRIAL WAIVER; CLASS ACTION WAIVER; JURISDICTION AND VENUE.**

20. The first paragraph of the Dispute Resolution section of the Terms, immediately following the bold heading above, is written conspicuously in all capital letters and advises customers to read the section carefully because it affects their legal rights, as follows:

> PLEASE READ THIS SECTION CAREFULLY. IT CONTAINS AN ARBITRATION AGREEMENT. THIS SECTION MAY SIGNIFICANTLY AFFECT YOUR LEGAL RIGHTS, INCLUDING YOUR RIGHT TO FILE A LAWSUIT IN COURT AND TO HAVE A JURY HEAR YOUR CLAIMS. THIS SECTION ALSO

> CONTAINS PROCEDURES FOR FINAL BINDING INDIVIDUAL ARBITRATION AND A WAIVER OF ANY AND ALL RIGHTS TO PROCEED IN A CLASS, COLLECTIVE, CONSOLIDATED, PRIVATE ATTORNEY GENERAL, OR REPRESENTATIVE ACTION (COLLECTIVELY, "CLASS ACTION") IN ARBITRATION OR LITIGATION.

21. The next paragraph of the Dispute Resolution section of the Terms, again in conspicuous all capital letters, informs consumers that the Terms include a waiver of jury trial and class action rights, as follows:

> THIS SECTION ALSO ADDRESSES THAT YOU AND CVS ARE GIVING UP THE RIGHT TO HAVE A JURY TRIAL TO THE FULLEST EXTENT PERMISSIBLE BY APPLICABLE LAW AND TO FILE OR PARTICIPATE IN A CLASS ACTION SUBJECT TO THE LIMITED EXCLUSION BELOW. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY, AND THERE IS LESS DISCOVERY AND APPELLATE REVIEW THAN IN COURT.

22. The Dispute Resolution section of the Terms then continues as follows:

> Most customer concerns can be resolved by calling Customer Service at 1-800-SHOP CVS 1-800-746-7287 (TTY:711). In the event Customer Service is unable to resolve a complaint to your satisfaction, this Section explains how any Dispute (as defined below) will be resolved.
>
> For purposes of this Section, the terms "CVS," "our," "we," or "us" include CVS Pharmacy, Inc., its subsidiaries or affiliates, as well as any of their respective present or future affiliates or subsidiaries, and any persons or entities (including agents, representatives, or employees) related to CVS or its present or future affiliates or subsidiaries.

23. The Dispute Resolution section of the Terms includes a subsection entitled "Arbitration Agreement." The Arbitration Agreement includes mandatory informal resolution requirements before initiating arbitration. In pertinent part, these provisions provide as follows:

**a) Arbitration Agreement.** YOU AND CVS AGREE THAT ANY DISPUTE (DEFINED BELOW) SHALL BE RESOLVED BY FINAL AND BINDING INDIVIDUAL ARBITRATION EXCEPT AS OTHERWISE PROVIDED HEREIN. NOTWITHSTANDING THE FOREGOING, EITHER PARTY MAY ELECT TO HAVE INDIVIDUAL CLAIMS HEARD IN SMALL CLAIMS COURT IF THOSE CLAIMS QUALIFY FOR SMALL CLAIMS COURT AND SO LONG AS THE MATTER REMAINS IN SUCH COURT AND IS NOT REMOVED OR APPEALED TO A COURT OF GENERAL JURISDICTION AND ADVANCES ONLY ON AN INDIVIDUAL (NON-CLASS ACTION BASIS). ANY DISPUTE OVER WHETHER CLAIMS QUALIFY FOR SMALL CLAIMS COURT IS FOR THE SMALL CLAIMS COURT TO DECIDE IN THE FIRST INSTANCE AND, IF NECESSARY, FOR A COURT OF COMPETENT JURISDICTION TO DECIDE.

You and CVS agree that this Agreement affects interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and federal arbitration law apply to this Arbitration Agreement and govern all questions as to whether a Dispute is subject to arbitration.

For purposes of this Section, "Dispute" shall include, but is not limited to, any claims or controversies between you and CVS that are related in any way to this Agreement, including, but not limited to, your use of the Site, sales, returns, refunds, cancellations, defects, policies, privacy, advertising, and/or any communications between you and CVS, whether occurring on the Site, in-store, or otherwise, even if the Dispute arises after the termination of your relationship with CVS. "Dispute" also includes, without limitation, claims that: (a) you bring against CVS; (b) CVS brings against you; (c) in any way relate to or arise out of any aspect of the relationship between you and CVS, whether based in contract, tort, statute, fraud, misrepresentation, advertising claims, or any other legal theory; (d) arose before you entered into this Agreement or out of a prior agreement with CVS (including, without limitation, claims relating to advertising); (e) are subject to ongoing litigation where you are not a party or a member of a certified class; and/or (f) arise after the termination of this Agreement. "Dispute," however, does not include disagreements or claims concerning patents, copyrights, trademarks, and trade secrets and claims of piracy or unauthorized use of intellectual property or claims for personal bodily injury, which shall not be subject to arbitration or the notice and informal process described below. The arbitrator shall decide all issues except for: (a) those that are specifically

reserved for a court herein; (b) those issues relating to the scope, validity, and enforceability of the Arbitration Agreement or any of the provisions of this Section; (c) any issues arising from or relating to the arbitrability of any Dispute; and (d) whether the arbitration administrator cannot or will not administer the arbitration in accordance with this Arbitration Agreement—all of which are for a court of competent jurisdiction to decide. This Arbitration Agreement does not prevent you from bringing your Dispute to the attention of any federal, state, or local government agency.

**1. Mandatory Pre-Arbitration Informal Dispute Resolution.** You and CVS agree to engage cooperatively to try to resolve any Dispute informally prior to you or CVS initiating an arbitration proceeding. You or CVS must first send a written notice to the other party providing a detailed description of the Dispute; your or our name and contact information (address, telephone number, email address, and account number if applicable); sufficient information to enable you or us to identify any transaction at issue (including any receipts or purchase details); and a detailed description of: (a) the nature and basis of the Dispute and any claims and (b) the nature and basis of the relief sought (including a detailed calculation of any damages). Your notice to us must be personally signed by you (and your attorney if you are represented by legal counsel). Our notice to you must be personally signed by a CVS representative (and our attorney if we are represented by legal counsel).

Your notice to CVS must be sent to CVS Pharmacy, Inc., c/o CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914. Our notice to you must be sent to the most recent contact information that you have provided to us.

For a period of 60 days from the date of receipt of a completed notice from the other party, you and we will work together using reasonable efforts to try to resolve the Dispute. If requested by us in connection with a notice initiated by you, you agree to personally participate in an individualized telephone settlement conference (and if you are represented by an attorney, your attorney may also participate) to discuss a potential early resolution of the matter. If requested by you in connection with a notice initiated by us, we agree to have a CVS representative personally participate in an individualized, telephone settlement conference (and if we are represented by an attorney, our attorney may also participate). If the Dispute is not resolved within this 60-day period (which can be extended by agreement of the parties), you

> or we may commence arbitration consistent with the process set forth below. Compliance with this informal dispute resolution process is mandatory and a condition precedent to initiating arbitration.
>
> Any applicable limitations period (including statutes of limitations) shall be tolled while the parties engage in this informal dispute resolution process.
>
> If the sufficiency of a notice or compliance with this informal dispute resolution process is at issue, such issue may be raised with and decided by a court of competent jurisdiction at either party's election, and the parties agree that any arbitration shall be stayed pending resolution of the issue. The court shall have the authority to enforce this condition precedent to arbitration, which includes the power to enjoin the filing or prosecution of a demand for arbitration. You or we may also elect to raise non-compliance with this informal dispute resolution process and seek relief in arbitration.

24. The Dispute Resolution section of the Terms also includes a subsection entitled "Waiver of Jury Trial; Waiver of Class Actions." The body of this subsection is written in conspicuous capital letters, as follows:

> **b) Waiver of Jury Trial; Waiver of Class Actions.** TO THE FULLEST EXTENT PERMISSIBLE BY APPLICABLE LAW, YOU AND CVS WAIVE THE RIGHT TO A JURY TRIAL. YOU AND CVS ALSO WAIVE ANY RIGHT TO BRING OR PARTICIPATE IN A CLASS ACTION IN ARBITRATION OR IN LITIGATION IN COURT. NOTWITHSTANDING THE FOREGOING, THE PARTIES RETAIN THE RIGHT TO PARTICIPATE IN A CLASS-WIDE SETTLEMENT.

**Wittman Did Not Opt Out of the ExtraCare Terms, and Continued to Use and Enjoy the ExtraCare Benefits**

25. The Arbitration Agreement subsection of the ExtraCare Terms informs members that they may opt out of arbitration and how to do so. That is, it provides as follows:

> **Opt-out.** You have the right to opt out of arbitration by sending your personally signed, written notice of your decision to opt out to the following address: CVS Pharmacy, Inc., c/o CT Corporation System,

450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914, postmarked within 60 days of the first time you agreed to terms with CVS that included an arbitration agreement. You must include: (a) your name and residential address; (b) the email address and/or telephone number associated with your account; and (c) a clear statement that you want to opt out of arbitration and seek to have any Dispute addressed in a court of competent jurisdiction consistent with this Agreement. By opting out of arbitration, all other provisions in this Agreement, including the class action waiver and jury trial waiver, remain in effect to the fullest extent permissible by applicable law.

26. CVS's Business Records show that Wittman did not opt out of the ExtraCare dispute resolution Terms at any time.

27. CVS's Business Records show that after receiving the March 19, 2025 email with the updated ExtraCare Terms—including the note that that "[b]y continuing to use and enjoy the benefits of your ExtraCare membership, you acknowledge that you have read and agreed to these updated terms and conditions"—Wittman continued to use and enjoy the CVS ExtraCare benefits.

28. CVS's Business Records show that since March 19, 2025 and through May 20, 2026, Wittman has made at least 52 separate purchases using her ExtraCare account, including the purchase on which her claims here are based, *i.e.*, her March 2, 2026 purchase of CVS Calcium 1200 mg + D3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on August 31, 2026 in Woonsocket, RI.

Amanda L. Asermely

Amanda L. Asermely

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2026, I electronically filed

**DECLARATION OF AMANDA L. ASERMELY IN SUPPORT OF CVS PHARMACY, INC.'S MOTION TO COMPEL ARBITRATION**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following**:**

Lilach H. Klein
Zachary M. Crosner
**Crosner Legal, P.C.**
9440 Santa Monica Blvd., Ste 301
Beverly Hills, CA 90210
lilach@crosnerlegal.com
zach@crosnerlegal.com

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
ltfisher@bursor.com

/s/ *Karen L. Roberts*
Karen L. Roberts