René P. Tatro (SBN 078383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
1800 N. Vine Street, Suite 234
Los Angeles, CA 90028
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
E-mail: rtatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Attorneys for Defendant
CVS Pharmacy, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HELEN WITTMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CVS PHARMACY, INC.;

Defendant.

Case No. 5:26-cv-02827-SSS (DTBx)

**CVS PHARMACY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Honorable Sunshine S. Sykes

Date: November 20, 2026
Time: 2:00 p.m.
Dept: Riverside Ctrm. 2, 2nd Floor
(Via Zoom)

# TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

ARGUMENT ..... 1

A. Reasonable consumers do not share in Wittman's alleged interpretation ..... 1

B. Wittman has not plausibly alleged any predicate violations to support a claim under the UCL's unlawful prong ..... 5

C. Wittman lacks standing to bring claims related to the Glucosamine product ..... 7

D. Wittman's claims for breach of express and implied warranty fail ..... 8

E. Wittman's misrepresentation claims fail because there is no unequivocal, false promis that the serving size is a single softgel or capsule ..... 9

F. Wittman's claim for unjust enrichment fails ..... 10

G. Wittman lacks standing to pursue injunctive relief ..... 10

# TABLE OF AUTHORITIES

*Cases* Page

*Barrales v. New Chapter, Inc.*,
2025 WL 1584424 (C.D. Cal. June 4, 2025) .......... 3, 8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5

*Brady v. Bayer Corp.*,
26 Cal. App. 5th 1156 (2018) .......... 3, 4

*Broomfield v. Craft Brew Alliance, Inc.*,
2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) .......... 8, 9

*Bryan v. Del Monte Foods, Inc.*,
2024 WL 4866952 (9th Cir. Nov. 22, 2024) .......... 2, 5

*Chapman v. Pier 1 Impos. Inc.*,
631 F.3d 939 (9th Cir. 2011) .......... 10

*Chong v. Nestlé Water North America, Inc.*,
2021 WL 4938128 (9th Cir. 2021) .......... 10

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
77 F. Supp. 3d 887 (N.D. Cal. 2014) .......... 6

*Corbett v. PharmaCare U.S., Inc.*,
567 F. Supp. 3d 1172 (S.D. Cal. 2021) .......... 8

*Cordes v. Boulder Brands USA, Inc.*,
2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .......... 10

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 10

*Day v. AT & T Corp.*,
63 Cal. App. 4th 325 (1998) .......... 9, 10

*DiGiacinto v. RB Health (US) LLC*,
668 F. Supp. 3d 950 (N.D. Cal. 2023) .......... 6

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .......... 2, 5

*Gamez v. Summit Nats. Inc.*,
2022 WL 17886027 (C.D. Cal. Oct. 24, 2022) .......... 8

*In re Actimmune Mktg. Litig.*,
2009 WL 3740648 (N.D. Cal. Nov. 6, 2009),
aff'd 464 F. App'x 651 (9th Cir. 2011) .......... 9

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) .......... 9

*Kenney v. Fruit of the Earth, Inc.,*
2024 WL 4578981 (9th Cir. Oct. 25, 2024) .......... 10

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021) .......... 7

*McGinity v. The Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .......... 1, 4

*McVay v. Kroger Co.*,
2026 WL 713006 (C.D. Cal. Feb. 3, 2026) .......... 7, 10

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .......... 1

*Navarro v. Walgreens Boots All., Inc.*,
2026 WL 2355975 (E.D. Cal. Aug. 13, 2026) .......... 7

*Oh v. Fresh Bellies, Inc.*,
2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) .......... 7

*Ringler v. J.M. Smucker Co.*,
783 F. Supp. 3d 1229 (C.D. Cal. 2025) .......... 7

*Rubenstein v. The Gap, Inc.*,
14 Cal. App. 5th 870 (2017) .......... 5

*Swetala v. Quten Research Institute, LLC*,
2025 WL 950627 (E.D. Cal. Mar. 28, 2025) .......... 9

*Tarvin v. Olly Public Benefit Corp.*,
756 F. Supp. 3d 797 (C.D. Cal. Nov. 12, 2024) .......... 3

*Walters v. Vitamin Shoppe Indus.,*
701 F. App'x 667 (9th Cir. 2017) .......... 4

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) .......... 4, 5

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) .......... 4, 10

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) .......... 5, 6

*Wong v. Iovate Health Scis. U.S.A. Inc.*,
2025 WL 821451 (E.D. Cal. Mar. 14, 2025) .......... 7

*State Statutes*

Cal. Bus & Prof. Code § 17200, *et seq.* (Unfair Competition Law) .......... 6, 7, 10

Cal. Bus & Prof. Code § 17500, *et seq.* (False Advertising Law) .......... 5, 10

Cal. Com. Code § 2313(a) .......... 6

Cal. Com. Code § 2314(2)(f) .......... 6

Cal. Civil Code § 1709 .......... 5, 6

Cal. Civil Code § 1710 .......... 5, 6

Cal. Civil Code § 1710(2) .......... 5, 6

Cal. Civil Code § 1711 .......... 5, 6

Cal. Health & Safety Code § 110390 .......... 5, 7

## INTRODUCTION

Wittman[1] admits that the Products' labels "say[] nothing on the front" about how many softgels or capsules must be taken to achieve the listed dose. (Opp. at 1:8-10). In other words, she admits that the labels make no express warranty, or specific fraudulent statement, that a single softgel or capsule contains the listed dose. Instead, Wittman's claims are based on her ***assumption*** about serving size—an assumption that is not reasonable in light of the Supplement Facts panel, which states ***precisely*** the information she claims not to have known (*i.e.*, serving size), and has been included on all vitamin labels for almost thirty years now[2] such that it has become common knowledge to reasonable vitamin and supplement consumers. For these reasons, and those discussed below (and in CVS's moving papers), Wittman's claims are all subject to dismissal.[3]

## ARGUMENT

### A. Reasonable consumers do not share in Wittman's alleged interpretation.

Although Wittman asserts that the reasonable consumer analysis presents a question of fact that "usually" cannot be resolved on a motion to dismiss (Opp. at 4:6–7, 11:6–7), the Ninth Circuit has repeatedly held that dismissal on the pleadings is not only proper but required "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising." *Moore v. Trader Joe's Co*, 4 F.4th 874, 882–83 (9th Cir. 2021) (affirming dismissal under reasonable consumer standard) (internal quotation marks and citation omitted); *see also Bodenburg v. Apple Inc.*, 146 F.4th 761, 769 (9th Cir. 2025) (same); *McGinity v. The Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023) (same); *Ebner v. Fresh, Inc.*, 838 F.3d

---

[1] CVS uses the same abbreviations as used in the Motion. The opposition is cited as "Opp." The Supplemental Declaration of Juliet A. Markowitz filed herewith is cited as "Supp. Markowitz Decl."

[2] The Dietary Supplement Health and Education Act of 1994 (which amended the Nutrition Labeling and Education Act of 1990, which amended the Federal Food, Drug, and Cosmetic Act) was implemented on September 23, 1997. 62 Fed. Reg. 49826; https://www.fda.gov/food/dietary-supplements-guidance-documents-regulatory-information/dietary-supplement-labeling-guide.

[3] CVS apologizes to the Court for inadvertently neglecting to include the L.R. 11-6.2 Certification of Compliance and filing a brief with more than 7,000 words. CVS can re-file the motion without the approximately 500 extra words if the Court would like it to do so. (*See* Supp. Markowitz Decl. ¶ 5).

958, 965–66 (9th Cir. 2016) (same); *Bryan v. Del Monte Foods, Inc.*, 2024 WL 4866952, at *1 (9th Cir. Nov. 22, 2024) (same). These holdings support dismissal here.

To state Wittman's argument in full is to demonstrate its lack of reasonableness. Wittman claims she was misled into paying more per serving than she thought she was paying when she bought the Calcium—*i.e.*, she thought she was "getting a bargain." (Opp. at 1:20–24; *see also* Complaint ¶¶ 28-29). In other words, before buying the Calcium, Wittman determined the price per serving—simple arithmetic of (price ÷ servings per container). The "servings per container" input is explicitly listed in the Supplement Facts; alternatively, one can determine it using more simple arithmetic: (total number of softgels ÷ serving size). For this second division, the "total number of softgels" input is listed in the lower left corner of the front of the bottle, and the "serving size" input (which, again, every reasonable consumer looks at before ingesting vitamins and supplements) is listed in two places, the Directions and the Supplement Facts, both of which start on the front of the bottle and wrap around to the side. Both are clear and not hidden in small type.

Thus, Wittman's argument is as follows: she did simple arithmetic but chose ***not*** to look at the necessary inputs (inputs reasonable consumers know are explicitly stated on the bottle) because she would have had to turn her hand slightly to see them, and instead chose to just assume the "serving size" input was "1" (even though not stated anywhere on the bottle), because she read two unconnected statements on the bottle—the total number of softgels (listed in the lower left corner of the front part of the label) and the 1,200 mg strength (listed in the upper third of the front part of the label)—and from that jumped to the conclusion that the serving size is one softgel. Wittman argues that making this assumption was reasonable in light of labels on ***other*** CVS products she was not purchasing. But Wittman does not allege she actually viewed, did arithmetic for, or relied on any of these "other labels"—which include the words "per serving" after the stated strength. (*See* Complaint ¶ 25, pp.9–10). Even if Wittman had so alleged, it would be further evidence of how unreasonable she was; *i.e.*, rather than turn the

bottle she was actually purchasing an inch or so to see the information she needed, at most Wittman instead took the time and effort to look at ***other*** labels (all of which listed the strength per serving rather than per softgel) and from that, assumed that because the words "per serving" were not stated on the Calcium label, the strength listed on the front of this one product, unlike CVS's other products, is a per-softgel strength rather than a per-serving strength. This interpretation is simply not reasonable.

The case from this district on which Wittman primarily relies, *Barrales v. New Chapter, Inc.*, 2025 WL 1584424 (C.D. Cal. June 4, 2025), is factually very different, in that it involved a product whose front label contained a single, unified statement: the product name "'organic fiber gummies' immediately underlined with the words 'with 4 g[rams] prebiotic fiber'" which, the court held, could lead a reasonable consumer to believe "that each gummy contains four grams of fiber." *Id.* at *14. The advertising at issue here is not comparable. CVS does not tie the stated strength, *e.g.*, 1200 mg, to each "softgel" or "capsule" on either Product label. Instead, Wittman relied on two wholly independent, non-adjacent statements that are not visually linked and do not modify one another to conclude that each individual softgel contains the strength stated elsewhere on the label. The two separate statements indisputably do not make an "unambiguous" representation regarding serving size. Reasonable consumers would not ignore the full packaging, including the Supplement Facts information with which they are familiar (and which begins on the front of the label), and instead rely on assumptions as Wittman claims to have done.[4]

The Court of Appeal's decision in *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156 (2018), also cited by Wittman, is readily distinguishable. In *Brady*, the product was called "One A Day," leading the court to conclude that the product name itself constitutes an affirmative representation regarding daily intake: "[i]f the label

[4] In the other decision from this district that Wittman cites, *Tarvin v. Olly Public Benefit Corp.*, 756 F. Supp. 3d 797 (C.D. Cal. Nov. 12, 2024), the court does not offer much description of the label at issue. However, unlike here, there is no suggestion that the information the plaintiff claimed was missing (*i.e.*, the serving size) began on the front panel, as it does here. *Id.* at 801–02

prominently displays the words 'One A Day' there is an implication that the daily intake should be one per day." *Id.* at 1172. No such affirmative representation exists here. The Products' front panels contain no statement—explicit or implicit—regarding the number of softgels or capsules constituting a proper daily dose. The front panel, at best, creates ambiguity regarding dose, and under *McGinity*, 69 F.4th at 1099, such ambiguity "can be resolved by reference" to the rest of the package. The *Brady* court acknowledged that reasonable consumers were expected to consult the Supplement Facts panel if the product's name did not affirmatively convey a dose instruction—as "might be the case if this product were called Gazorninplat Gummies or Every Day Gummies." 26 Cal. App. 5th at 1172. That is precisely the situation here.

The Ninth Circuit's unpublished and non-precedential decision in *Walters v. Vitamin Shoppe Indus.,* 701 F. App'x 667 (9th Cir. 2017)—decided almost ten years ago, when consumers were not nearly as familiar with Supplement Facts as they are today—does not hold otherwise. That case simply recites that a consumer does "not have a duty" to validate misleading front label claims by "cross-checking" them with the back label. *Id.* at 670, citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939–40 (9th Cir. 2008).[5] But as the Ninth Circuit has made clear, the holding from *Williams* does not apply where the front label is merely "ambiguous." *See McGinity*, 69 F.4th at 1098; *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778–79 (9th Cir. 2024).

Because the Products' front labels do not plausibly convey a "concrete and unambiguous meaning," reasonable consumers are required to consider the full context of the packaging before making any assumptions regarding its recommended serving size. *See McGinity*, 69 F.4th at 1099 ("the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label"); *Whiteside*, 108 F.4th at 785 ("If the statement were ambiguous,

[5] Relying on the factually very different *Williams* decision, the *Walters* court referred to the Supplement Facts as "information found in small print." 701 F. App'x at 670. It is anything but. The "Supplement Facts" is set off in a thick box and consumes a significant part of the Products' labels.

a reasonable consumer would require more information from the back label"); *see also Bryan,* 2024 WL 4866952, at *1. This is particularly so since the serving size information begins on the front label and requires *de minimis* effort on consumers' parts to see it in full.[6]

**B. Wittman has not plausibly alleged any predicate violations to support a claim under the UCL's unlawful prong.**

Wittman does not and cannot dispute that a failure to plead a claim under the CLRA or FAL results in a failure to plead a claim under the UCL's "unlawful" prong, as that prong "'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1140 (9th Cir. 2012) (citation omitted); *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 880 (2017) ("'[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong.'" (citation omitted)).

Likewise, to the extent Wittman's UCL claim is predicated on allegations that CVS allegedly violated "Civil Code §§ 1709-1711," the "Commercial Code for breaches of express and implied warranties," and the "Sherman Act, Cal. Health & Safety Code § 110390" (Complaint ¶ 71 at p.20), it is woefully inadequate because Wittman makes no effort to plead the specific elements of these statutes. Her boilerplate allegations are precisely the type of "formulaic recitation" that *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 548 (2007), holds insufficient to survive a motion to dismiss.

Wittman does not allege facts supporting her contention that CVS knew its dose representations were false, misleading, or incomplete at the time of sale, as required under Civil Code §§1709–1711. (Opp. at 11). The facts Wittman does allege demonstrate the opposite, *i.e.*, that CVS ensured that all material information, including serving size, was openly disclosed on the labels such that a reasonable consumer would

[6] Wittman's attempt to distinguish *Ebner v. Fresh, Inc*., 838 F.3d 958, 966 (9th Cir. 2016), on the ground that there, the label made no representation about the alleged issue while here "dosage misrepresentations are plainly stated on the Products' front labels" (Opp. at 6) is incorrect. Here, the front labels say nothing about serving size or servings per container—except the accurate statements in the Directions and Supplement Facts, which begin on the front and wrap around to the side.

know exactly what he/she was purchasing. *See Wilson*, 668 F.3d at 1140 (affirming dismissal of UCL unlawful prong claim predicated on §§ 1709–10 where the plaintiff failed to allege the requisite intent element); Cal. Civ. Code § 1711. Nor has Wittman plausibly alleged that CVS intended to "conceal" this information; it is openly disclosed on the Products in two separate locations, and any such alleged "intention" allegation utterly fails. Wittman's "merely conclusory" allegations are insufficient to establish intent as a matter of law. *Wilson*, 668 F.3d at 1140.[7]

Moreover, as set forth above, Wittman has not plausibly alleged that either Product's packaging is false or deceptive. Wittman therefore has not stated any claims under Cal. Civ. Code §§ 1709–1711.

Wittman's breach of express and implied warranty claims are similarly deficient because Wittman fails to identify an "affirmation of fact or promise or a description of the goods" or "promises or affirmation of fact made on the container or label" of the Product. Cal. Com. Code § 2313(a); Cal. Com. Code § 2314(2)(f). As discussed in CVS's moving papers, nowhere on either Product's packaging is a promise made (nor does either Product state) that the serving size is one softgel or capsule. Absent such affirmation, Wittman has not stated a breach of warranty claim. Wittman cites no authority to the contrary. The negligent and intentional misrepresentation claims at issue in *Cisco Systems,* 77 F. Supp. 3d at 897, were held to be sufficiently pled because the plaintiff alleged explicit promises which implied "the intention to perform, so if the promise was made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." Here, Wittman has alleged no promise, and there is none.

In addition, because (as discussed above and in CVS's moving papers) Wittman

[7] *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887 (N.D. Cal. 2014) is not a false labeling case and does not dictate a contrary result. There, unlike here, plaintiff alleged defendant's "employees had access to internal reports … which should have revealed the latent defects." *Id.* at 898. The facts in *DiGiacinto v. RB Health (US) LLC*, 668 F. Supp. 3d 950 (N.D. Cal. 2023), are also very different from those here; *i.e.*, plaintiff alleged defendant "created and marketed one [cough relief] Product as specially formulated for children" which it sold at a premium, and a separate product for adults sold for less, "even though both products are identical in terms of the 'form and quantity' of ingredients." *Id.* at 956.

has failed to plausibly allege that a reasonable consumer would be misled by the Products' packaging, Wittman has failed to plead a violation of section 110390 of the Health & Safety Code. *See Wong v. Iovate Health Scis. U.S.A. Inc.*, 2025 WL 821451, at **7-8 (E.D. Cal. Mar. 14, 2025) (applying reasonable consumer test to alleged Sherman Law violation and dismissing UCL claim) (collecting cases).

For all of these reasons, Wittman's failure to plausibly plead a predicate legal violation renders her UCL "unlawful" prong claim deficient and subject to dismissal.

**C. Wittman lacks standing to bring claims related to the Glucosamine product.**

As Wittman acknowledges, there is a split in authority on whether a plaintiff has standing as to products not purchased. (Opp. at 13). In light of recent cases that conclude that "the 'substantial similarity' analysis appears to be inconsistent with the basic concept of standing," Wittman's "substantial similarity" argument is incorrect. *See Navarro v. Walgreens Boots All., Inc.*, 2026 WL 2355975, at *26 (E.D. Cal. Aug. 13, 2026), *report and recommendation adopted sub nom*. 2026 WL 2924631 (E.D. Cal. Sept. 29, 2026) (a plaintiff can only have standing as to products actually purchased). *See also Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024); *McVay v. Kroger Co.,* 2026 WL 713006, at *5 (C.D. Cal. Feb. 3, 2026) ("Plaintiff only has standing to bring claims related to the three products she purchased."); *Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1246 (C.D. Cal. 2025) ("Plaintiff bought only one of the Products named in the Complaint…. She, therefore, did not suffer any injury related to the other Products mentioned in the Complaint. Because there is no injury, Plaintiff lacks standing to assert claims on Products she did not purchase.").

These more recent decisions agree with the court's reasoning in *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901 (C.D. Cal. 2021), that "[t]he similarity of a product, by itself, says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another" (*id.* at 908) and that the "substantial similarity" test "overlooks this point and invites an analysis that is both difficult to apply and unrelated to its objective." *Id.* CVS requests that the Court adopt this better-reasoned approach

and conclude that because Wittman suffered no injury related to the Glucosamine product she did not purchase, she lacks standing to assert claims about such product.

In the alternative, even if the Court were to apply a "substantial similarity" test, Wittman has failed to plead facts sufficient to demonstrate the Glucosamine is "substantially similar" to the Calcium that she purchased. "Under the substantial similarity test, courts consider whether the products at issue and alleged misrepresentations are substantially similar." *Gamez v. Summit Nats. Inc.*, No. 2022 WL 17886027, at *6 (C.D. Cal. Oct. 24, 2022). Wittman ignores the facts that the labels for the two Products look different; the serving sizes are different between the two; and Glucosamine is a complex carbohydrate supplement, which is quite different from the mineral + vitamin Calcium supplement. Moreover, there are no allegations that the prices of the two Products are the same, nor that consumers claim similar monetary harm. Accordingly, Wittman's claims based on Glucosamine are subject to dismissal.

**D. Wittman's claims for breach of express and implied warranty fail.**

There was no promise or deception that formed part of the basis of the bargain that was breached; Wittman's breach of warranty claims fail because she has not (and cannot) plead the requisite elements of these claims. *See Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021). The case law Wittman cites is factually inapposite and does not dictate a contrary result. *See Barrales,* 2025 WL 1584424, at *6 ("It is certainly plausible that a reasonable consumer could read the words 'kids organic fiber gummies' and believe—as Plaintiff purportedly did—that there is something about this product that makes it especially suitable for kids.…").

Wittman's fourth claim, for breach of express warranty, is not actionable because the Products' labels do not make any affirmative promises, *i.e.*, there is no unequivocal promise that the stated strength is per softgel or per capsule. *See, e.g.*, *Broomfield v. Craft Brew Alliance, Inc.*, 2017 WL 3838453, at *10 (N.D. Cal. Sept. 1, 2017) (holding that, while representations on beer labels could mislead a reasonable consumer to believe the beer was brewed in Hawaii, the representations did not breach

an express warranty because they "[did] not amount to an unequivocal statement or promise to the consumer that Kona beer is brewed exclusively in Hawaii."). Here, there are no unequivocal statements or promises on either Product's label that the serving size is one softgel or capsule. Wittman's claim for breach of express warranty thus fails.

Wittman's fifth claim, for breach of implied warranty, is premised on similar grounds and thus also fails. As the *Broomfield* court held, "Plaintiffs' implied warranty of merchantability claim, which is based solely on whether the product in dispute 'conforms to the promises or affirmations of fact' on the product packaging, rises and falls with the express warranty claim." *Broomfield*, 2017 WL 3838453 at *11.

**E. Wittman's misrepresentation claims fail because there is no unequivocal, false promise that the serving size is a single softgel or capsule.**

Wittman does not dispute that her negligent and intentional misrepresentation claims are directly dependent on whether she has adequately pled that a reasonable consumer would be deceived by the Product label.[8] Because Wittman has not pled, and cannot plausibly plead, that a reasonable consumer would be deceived by the Products' labels, her misrepresentation claims are subject to dismissal.

Moreover, as explained in the Motion, the standard for fraud claims is higher than for claims under consumer protection statutes in that "'[a] [common law] fraud deception must be actually false.'" *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *7 (N.D. Cal. Nov. 6, 2009), *aff'd* 464 F. App'x 651 (9th Cir. 2011) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009); *see also Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 332 (1998) ("the concept encompassed in the phrase 'likely to be deceived' has no relationship to the concept of common law fraud, which is also sometimes referred to as deception"). Thus, while a "perfectly true statement couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to

[8] *See* Opp. at 16, citing *Swetala v. Quten Research Institute, LLC*, 2025 WL 950627, at **6-7 (E.D. Cal. Mar. 28, 2025) (misrepresentation claims sufficient where "Plaintiff has sufficiently pled a misrepresentation under the reasonable consumer standard"); *Barrales*, 2025 WL 1584424, at *6, fn.6 ("Since Plaintiff has plausibly alleged that a reasonable consumer would be deceived, that is sufficient to allege falsity for Plaintiff's misrepresentation and express warranty claims.").

disclose other relevant information" may be actionable under consumer protection statutes, it is not actionable under common law fraud. *Day*, 63 Cal. App. 4th at 332–33.

The Product labels do not contain a false affirmation of fact necessary to state a claim under intentional or negligent misrepresentation. Accordingly, dismissal of Wittman's claims for negligent and intentional misrepresentation is warranted.

**F. Wittman's claim for unjust enrichment fails.**

Because Wittman's CLRA, FAL, and UCL claims fail for the reasons discussed above, her unjust enrichment claim is also subject to dismissal in accordance with the Ninth Circuit's holding in *Chong v. Nestlé Water North America, Inc.*, 2021 WL 4938128, at *1 (9th Cir. 2021), discussed in CVS's Motion.

**G. Wittman lacks standing to pursue injunctive relief.**

Unlike the plaintiff in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 972 (9th Cir. 2018), who had "no way of determining whether the representation 'flushable' is in fact true" when buying the defendant's wipes in the future, Wittman need only look at the Directions or Supplement Facts to know the serving size. Thus, she cannot demonstrate a "a real and immediate threat of repeated injury in the future" required to establish standing to assert a claim for injunctive relief. *Chapman v. Pier 1 Impos. Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Citing the factually inapposite decision in *Williams*, 552 F.3d at 939-40, Wittman argues that she should not have to slightly turn the bottle to read the Directions or Supplement Facts, but does not, and cannot, dispute that courts, including the Ninth Circuit and this District, routinely dismiss claims for injunctive relief where, as here, to avoid the claimed harm in the future, a plaintiff need only review the label, including the back panel. *See Kenney v. Fruit of the Earth, Inc.,* 2024 WL 4578981, at *1 (9th Cir. Oct. 25, 2024); *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018); *McVay*, 2026 WL 713006, at *5.

Dated: November 6, 2026 TATRO TEKOSKY SADWICK LLP

By: /s/ *René P. Tatro*
René P. Tatro, Esq.,
Attorneys for Defendant CVS Pharmacy, Inc.

## LOCAL RULE 11-6.2 CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for defendant CVS Pharmacy, Inc., certifies this brief contains 3,881 words, which complies with the word limit of L.R. 11-6.1.

TATRO TEKOSKY SADWICK LLP

By: /s/ *René P. Tatro*
René P. Tatro, Esq.
Attorneys for Defendant CVS Pharmacy, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2026, I electronically filed

**CVS PHARMACY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lilach H. Klein
Zachary M. Crosner
**Crosner Legal, P.C.**
9440 Santa Monica Blvd., Ste 301
Beverly Hills, CA 90210
lilach@crosnerlegal.com
zach@crosnerlegal.com

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
ltfisher@bursor.com

/s/ *Karen L. Roberts*
Karen L. Roberts